Margaret HOFFMAN and Neil Hoffman, Plaintiffs-Appellants,

v.

Thomas V. RANKIN, M.D., The Medical Protective Company, and Wisconsin Patients Compensation Fund, Defendants-Respondents,

AARP CLAIM UNIT and Medicare Parts A & B, Defendants.

Court of Appeals

*No. 01–3202. Submitted on briefs May 13, 2002.—Decided June 11, 2002.*

2002 WI App 189

(Also reported in 649 N.W.2d 350.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *C.M. Bye* of *Bye, Goff & Rohde, Ltd.* of River Falls.

On behalf of the defendants-respondents, Thomas V. Rankin, M.D., and The Medical Protective Company, the cause was submitted on the brief of *William R. Wick* of *Nash, Spindler, Grimstad & McCracken LLP* of Manitowoc.

On behalf of the defendant-respondent, Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *Mark E. Larson* of *Gutglass, Erickson, Bonville, Seibel & Falkner, S.C.* of Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Neil and Margaret Hoffman appeal the dismissal of their medical negligence action against Thomas Rankin, M.D., the Medical Protective Company and the Wisconsin Patients Compensation Fund (hereinafter, "the respondents").[1] The sole issue involves the interpretation of WIS. STAT. § 655.445.[2] Specifically, we must decide whether "mailing" is the equivalent of "filing" within the meaning of the statute.

¶ 2.   The Hoffmans argue that the trial court erroneously ruled that the terms were synonymous and incorrectly held that the Hoffmans failed to wait for the expiration of the mandatory mediation period before filing their lawsuit. Based upon the plain statutory language, we agree. We therefore reverse the order and remand for further proceedings.

## BACKGROUND

¶ 3.   Margaret Hoffman claimed she was injured as a result of spinal surgery that Rankin performed in January 1997. On December 13, 1999, the Hoffmans mailed a summons and complaint to the clerk of circuit court for filing and, on the same day, mailed their request for mediation to the administrator of Medical Mediation Panels. The clerk of the circuit court date stamped the pleadings as filed December 15, 1999. On December 15, the administrator received the Hoffmans' request for mediation.

¶ 4.   Before trial, the respondents moved to dismiss the action. They contended that the Hoffmans

---

[1] The AARP Claim Unit and MEDICARE Parts A & B were also defendants but not respondents on appeal.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

failed to comply with WIS. STAT. § 655.44(5), providing for the expiration of a waiting period for mediation before filing their medical malpractice action. The respondents claimed that the court therefore lacked competency to exercise its jurisdiction. The Hoffmans opposed the motion, arguing that they followed an alternative procedure available under WIS. STAT. § 655.445, allowing them to file a mediation request within fifteen days of filing their lawsuit.

¶ 5. The trial court rejected the Hoffmans' argument. The trial court ruled that "the date of mailing is the date of filing" the mediation request. The court concluded that because the mediation request was mailed on December 13, 1999, it was filed before the lawsuit. Relying on *Ocasio v. Froedtert Mem'l Luth. Hosp.*, 2001 WI App 264, 248 Wis. 2d 932, 637 N.W.2d 459, *review granted*, 2002 WI 23, 250 Wis. 2d 555, 643 N.W.2d 93 (No. 00–3056), the trial court determined that the Hoffmans failed to wait until the expiration of the mandatory mediation period under WIS. STAT. § 655.44(5) before filing their complaint, depriving the court of competency to exercise its subject matter jurisdiction. The court dismissed the Hoffmans' complaint. The Hoffmans appeal the order of dismissal.

### DISCUSSION

¶ 6. The Hoffmans claim that they followed the appropriate procedure available under WIS. STAT. § 655.445 and the court had competency to proceed. The Hoffmans contend that mailing is not the same as filing and, therefore, the alternative under § 655.445, providing for the mediation request to be filed "within 15 days after the date of filing an action in court," applies. We conclude that the Hoffmans' statutory interpretation is correct.

## A. Standard of Review

¶ 7.   This issue is resolved by resort to statutory language, an issue of law we decide de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* at 406. We first look to the language of the statute itself. *Id.* If the meaning of the statute is unambiguous, we do not look beyond the statutory language; we simply apply the statute to the case at hand. *Id.*

¶ 8.   In the absence of an applicable statutory definition, the legislature is presumed to intend the common usage of a term. *Hilmes v. DILHR*, 147 Wis. 2d 48, 54, 433 N.W.2d 251 (Ct. App. 1988); *see also* Wis. Stat. § 990.01. The common and ordinary usage of words may be established by their definition in a recognized dictionary. *Enpro Assessment Corp. v. Enpro Plus, Inc.*, 171 Wis. 2d 542, 546, 492 N.W.2d 325 (Ct. App. 1992).

## B. Wis. Stat. Ch. 655

¶ 9.   Turning to the language of the statutes in question, we observe that Wis. Stat. ch. 655, an "exclusive procedure for the prosecution of malpractice claims against a health care provider," sets out two alternative procedures to pursue claims. *Ocasio*, 2001 WI App 264 at ¶¶ 9, 13 (citation omitted). The first, governed by Wis. Stat. § 655.44, is entitled "**Request for mediation prior to court action**." Under this section, an

injured patient may file a request for mediation with the Wisconsin Patients Compensation Fund rather than file a lawsuit.[3]

¶ 10. When a person opts for the first method, the expiration of the mediation period is a condition precedent to the commencement of a medical malpractice action. *Ocasio*, 2001 WI App 264 at ¶ 1. "Once the request has been filed, the patient may not commence a court action until the mediation period under [Wis. Stat.] sec. 655.465(7) has expired." *Id.* at ¶ 9; *see also*

---

[3] Wisconsin Stat. § 655.44, entitled "**Request for mediation prior to court action**" reads:

(1) Request and fee. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider may file a request for mediation and shall pay the fee under s. 655.54.

. . . .

(3) Delivery or registered mail. The request for mediation shall be delivered in person or sent by registered mail to the director of state courts.

(4) Statute of limitations. Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465(7).

(5) No court action commenced before mediation. Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465(7).

(6) Notice of court action to director of state courts. A claimant who files a request for mediation under this section and who commences a court action after the expiration of the mediation period under s. 655.465(7) shall send notice of the court action by 1st class mail to the director of state courts.

Wis. Stat. § 655.44(5). The mediation period expires ninety days after the director of state courts receives the mediation request if delivered in person or ninety-three days after the date of mailing if sent by registered mail. Wis. Stat. § 655.465(7).[4]

¶ 11. In *Ocasio*, the claimant followed this first alternative, Wis. Stat. § 655.44. Because the waiting requirement is mandatory, the filing of the summons and complaint within the mediation period is void because failure to comply with a mandatory statutory provision eliminates "the ability of a court to exercise its subject matter jurisdiction." *Ocasio*, 2001 WI App 264 at ¶ 27 (citation omitted). *Ocasio* held therefore that the circuit court correctly dismissed a medical malpractice action for lack of competency to exercise its jurisdiction when a party filed her medical malpractice suit before the expiration of the statutory mediation period under § 655.465(7). *Id.* at ¶ 1.

¶ 12. Wisconsin Stat. ch. 655 provides a second alternative to prosecute medical malpractice claims, Wis. Stat. § 655.445, entitled "**Request for mediation in conjunction with court action**."[5] Under this

---

[4] Wisconsin Stat. § 655.465(7) provides in part:

(7) Mediation period. The period for mediation shall expire 90 days after the director of state courts receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director of state courts if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3).

[5] Wisconsin Stat. § 655.445 entitled, "**Request for mediation in conjunction with court action**" reads:

(1) Commencing action. Request and fee. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a

section, a party may commence a lawsuit in the usual manner. *Eby v. Kozarek*, 153 Wis. 2d 75, 82, 450 N.W.2d 249 (1990). A request for mediation shall then be filed within fifteen days of filing the court action. *Id.* This is the procedure the Hoffmans claim to have followed.

## C. Filing vs. Mailing

¶ 13. The respondents contend that the Hoffmans' act of mailing their request for mediation was the equivalent of filing their request. We conclude that it was not. The recognized dictionary definition of to "file" is: "[T]o deliver (as a legal paper or instrument) after complying with any condition precedent (as the payment of a fee) to the proper officer for keeping on file or among the records of his office . . . to place (as a paper or instrument) on file among the legal or official records of an office esp. by formally receiving, endorsing, and

derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation. The request shall be prepared and delivered in person or sent by registered mail to the director of state courts, in the form and manner required under s. 655.44(2) and (3), together with a notice that a court action has been commenced and the fee under s. 655.54 shall be paid.

(2) SCHEDULING. All time periods under s. 802.10(3) are tolled on the date of filing the court action. The time periods remain tolled until the expiration of the mediation period under s. 655.465(7).

(3) No COURT PROCEEDINGS BEFORE MEDIATION. For actions filed under sub. (1), no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under s. 655.465(7).

entering." WEBSTER'S THIRD NEW INT'L DICTIONARY 849 (unabr. 1993). To "mail" is to "send postal matter." *Id.* at 1361.[6]

¶ 14. Wisconsin courts have distinguished filing from mailing in a variety of contexts. "To construe or define 'mailing' as 'filing' is to ignore the plain meaning of the word. Mailing merely initiates the process by which an article in the due course of the post will be delivered." *E. M. Boerke, Inc. v. Williams*, 28 Wis. 2d 627, 635, 137 N.W.2d 489 (1965). "We are not aware of any statute or court rule providing that when a paper is presented for filing by mail, the filing is complete upon mailing." *First Wis. Nat'l Bank v. Nicholaou*, 87 Wis. 2d 360, 365, 274 N.W. 2d 704 (1979); *see also Nelson v. DNR*, 90 Wis. 2d 574, 576, 280 N.W.2d 334 (Ct. App. 1979) (The date of filing notice of appeal is the date it is received in the clerk's office, "not the date it is mailed to the clerk."); *see also Hilmes*, 147 Wis. 2d at 53–54 ("In this case, [WIS. ADMIN. CODE] sec. Ind 88.01(6) accords

---

[6] In *Hilmes v. DILHR*, 147 Wis. 2d 48, 54, 433 N.W.2d 251 (Ct. App. 1988), our supreme court referred to a standard dictionary definition, stating:

Both Hilmes and the department concede that the dictionary definition of "file" is accurately set forth in *E.M. Boerke*: "to deliver (as a legal paper or instrument) after complying with any condition precedent . . . to the proper officer." *Id.* (quoting *Webster's Third New International Dictionary*). This is the ordinary meaning of the word; any specialized usage employed by the IRS is irrelevant to the instant inquiry.

We note that the seventh edition of BLACK'S LAW DICTIONARY defines to "file" and to "mail" consistently with the definitions found in WEBSTER'S THIRD NEW INT'L DICTIONARY. *See* BLACK'S LAW DICTIONARY 642, 964 (7th ed. 1999).

with well-settled Wisconsin case law holding that 'filing' entails delivery to the intended recipient.").

■

¶ 15. We are satisfied that under Wis. Stat. § 655.445, the term "filing" should be accorded its ordinary meaning, requiring delivery to the proper officer. Nothing in Wis. Stat. ch. 655 expressly alters this interpretation. Because the Hoffmans' mediation request was filed on the day it was actually received by the administrator, we conclude that their mediation request was filed within fifteen days of the filing of the summons and complaint.[7] Consequently, the Hoffmans proceeded properly under § 655.445. *Ocasio*, which solely addressed the first alternative pursuant to § 655.44, does not control.

■

¶ 16. The respondents argue, nonetheless, that a mediation request is filed when mailed because of the computation of the time for the mediation period in Wis. Stat. § 655.465(7).[8] Under that section, the mediation period expires ninety days after the director of state courts receives a request for mediation if delivered in person or ninety-three days after the date of mailing if the request is sent by registered mail. We are unpersuaded that § 655.465(7) necessarily implies that a mediation request is filed upon mailing. Because it pro-

---

[7] The respondents do not suggest that the phrase "within 15 days after the date of filing," *see* Wis. Stat. § 655.445(1), is to be distinguished from "within 15 days of filing" the court action. See *Eby v. Kozarek*, 153 Wis. 2d 75, 82, 450 N.W.2d 249 (1990). The respondents do not contend that the filing of both the mediation request and lawsuit on the same day renders the lawsuit's filing premature under Wis. Stat. § 655.44(5) or the mediation request prematurely filed under § 655.445.

[8] See note 3, *supra*.

vides an additional three days if the request was mailed, it could just as easily imply that filing would not be complete on the date of mailing.

¶ 17. The respondents also rely on WIS. STAT. § 655.44(4), which provides that the statute of limitations is tolled "on the date of mailing" if the request for mediation is mailed rather than hand delivered.[9] In addition, they point to § 655.455, providing that the director of state courts must serve notice of the request upon named health care providers within seven days after delivery in person or within ten days after the date of mailing the request.[10] The respondents argue that these sections demonstrate the legislature intended the date of mailing to be the date of filing.

¶ 18. We disagree. The better approach is to presume that the legislature meant what it said when it used the word "file." *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 539, 345 N.W. 2d 389 (1984). ("The more reasonable presumption is that the legislature chose its terms carefully and precisely to express its meaning."). We conclude that the statutes evince the legislative intent to avoid confusion in making time calculations. The respondents' interpretation would have us rule that the legislature, without saying so, used two materially distinct definitions of the word "file" in WIS.

---

[9] See note 3, *supra.*

[10] WISCONSIN STAT. § 655.455 reads:

**Notice to health care providers.** The director of state courts shall serve notice of a request for mediation upon all health care providers named in the request, at the respective addresses provided in the request, by registered mail within 7 days after the director of state courts receives the request if delivered in person or within 10 days after the date of mailing of the request to the director of state courts if sent by registered mail.

STAT. § 655.445(1). To interpret the statute to use two words, when one would suffice, would violate the tenet that we must "attempt to give effect to every word of a statute" so as not to render any portion of it superfluous. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 305, 603 N.W.2d 541 (1999). Consequently, the respondents' argument must be rejected.

¶ 19. Our supreme court has observed that by "providing claimants with alternatives for pursuing redress, the legislature demonstrated an intent to provide claimants with more flexible procedures in medical malpractice cases." *Eby*, 153 Wis. 2d at 83. A statutory interpretation that holds claimants to inflexible requirements as a prerequisite to jurisdiction would be inconsistent with this intent. *Id.* Our interpretation is consistent with the legislature's intent to provide flexible procedures in medical malpractice cases as evinced by the plain statutory language.

## CONCLUSION

¶ 20. We conclude that the terms "filing" and "mailing" should be read according to their common and ordinary usage. We therefore conclude that filing must be distinguished from mailing. Filing means delivery to the proper officer for keeping on file or among records of his or her office. Because the Hoffmans' request for mediation was filed within fifteen days of the filing of the summons and complaint, they properly followed the procedure in WIS. STAT. § 655.445(1).[11]

---

[11] Our result renders it unnecessary to address the Hoffmans' estoppel argument.

*By the Court.*—Order reversed and cause remanded with directions.