Whistle B. CURRIER,
Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE,
Respondent-Respondent.

Court of Appeals

*No. 2005AP292. Submitted on briefs November 9, 2005.
—Decided December 14, 2005.*

2006 WI App 12

(Also reported in 709 N.W.2d 520.)

694

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Whistle B. Currier*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *F. Thomas Creeron III*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Brown and Nettesheim, JJ., and Daniel L. LaRocque, Reserve Judge.

¶ 1. LAROCQUE, Reserve Judge. Whistle B. Currier appeals pro se from a circuit court order dismissing his petition for judicial review of a decision and order of the Wisconsin Tax Appeals Commission. At issue is Currier's compliance with the statutory time limits for filing his petition for rehearing and his subsequent petition for judicial review of the Commission's decision. Currier argues that he complied with the deadline for filing his petition for rehearing because his petition was postmarked before midnight of the last date for filing as required by WIS. STAT. § 73.01(5) (2003–04).[1] He also maintains that his petition for rehearing served to extend the deadline for seeking judicial review of the Commission's decision and that he complied with the extended deadline.

¶ 2. We hold that WIS. STAT. § 73.01(5) does not apply to petitions for rehearing from adverse Commission decisions. Further, Currier's petition for rehearing from the Commission's decision was untimely under

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

WIS. STAT. § 227.49(1), the controlling statute, because it was not physically delivered to and received by the Commission until twenty-one days after the Commission's decision. We further conclude that Currier's untimely petition for rehearing of the Commission's decision did not extend the time for seeking judicial review of the Commission's decision under WIS. STAT. § 227.53(1)(a)2. and, as a result, his petition for judicial review was tardy. Accordingly, the circuit court lacked competency to proceed and we affirm its order dismissing Currier's petition for judicial review.

### *Facts*

¶ 3. The relevant facts are brief and relate to the procedural history of Currier's case. In May 2003, the Wisconsin Department of Revenue (DOR) levied an income tax assessment against Currier in the amount of $9588.57. Currier filed a petition for redetermination of the assessment, which the DOR subsequently denied. In December, Currier filed a petition for review with the Commission.

¶ 4. On June 16, 2004, the Commission served Currier with a decision and order upholding the DOR's assessment against Currier. Currier sent a petition for rehearing by mail on July 6. The petition was received by the Commission's clerk on July 7.

¶ 5. On July 13, the Commission issued an order denying the petition for rehearing. The Commission held that that Currier's petition was untimely under WIS. STAT. § 227.49(1). The Commission stated, "The 20–day period for filing a timely petition for rehearing expired on July 6, 2004. Petitioner filed his petition for rehearing on July 7, 2004, one day late. [*See* § 227.49(1)]."

¶ 6. On August 11, 2004, Currier filed a petition for review in the circuit court pursuant to WIS. STAT.

697

§ 227.53(1), the statutory provision authorizing judicial review of agency decisions. On September 1, the DOR moved to dismiss the petition for judicial review for lack of subject matter jurisdiction (competency to proceed)[2] and lack of personal jurisdiction. The DOR reminded the circuit court that pursuant to § 227.53(1)(a)2. a party must file its petition for judicial review within thirty days of service of the Commission decision and Currier had filed his petition for judicial review on August 11, obviously more than thirty days after service of the Commission's June 16 decision. The DOR recognized that § 227.53(1)(a)2. expands the time for filing of a petition for judicial review if the party has requested a rehearing, but submitted that Currier's untimely petition for rehearing did not serve to extend the deadline.

¶ 7. In his response, Currier maintained that his petition for rehearing was timely because it was postmarked before midnight on July 6, the last date for

[2] Competency has been defined as the court's power to exercise subject matter jurisdiction. *Kohler Co. v. Wixen*, 204 Wis. 2d 327, 337, 555 N.W.2d 640 (Ct. App. 1996). The concept of competency is narrower than that of subject matter jurisdiction, because while the constitution confers subject matter jurisdiction on the courts, the state legislature may limit the ability of the courts to exercise that power by statute. *Sheboygan County Dep't of Social Servs. v. Matthew S.*, 2005 WI 84, ¶ 16, 282 Wis. 2d 150, 698 N.W.2d 631. "Such a legislative enactment affects that court's competency to proceed rather than its subject matter jurisdiction." *Cepukenas v. Cepukenas*, 221 Wis. 2d 166, 170, 584 N.W.2d 227 (Ct. App. 1998). Thus, in this case, the failure to comply with mandatory time limits in Wis. Stat. ch. 227 would result in the loss of the circuit court's competency to proceed. *See Cudahy v. DOR*, 66 Wis. 2d 253, 261–62, 224 N.W.2d 570 (1974); *Johnsonville Sausage; Inc. v. DOR*, 113 Wis. 2d 7, 9, 11, 334 N.W.2d 269 (Ct. App. 1983).

filing of his petition for rehearing, and that was all Wɪs. Sᴛᴀᴛ. § 73.01(5) required. Currier submitted that the thirty days he had to file his petition for judicial review pursuant to Wɪs. Sᴛᴀᴛ. § 227.53(1)(a)2. began running after the Commission denied his petition for rehearing on July 13. His August 11 petition for judicial review was therefore timely.

¶ 8. Initially, the circuit court denied the DOR's motion to dismiss Currier's petition for judicial review. However, the DOR filed a motion for reconsideration and, upon reconsideration, the circuit court granted the DOR's motion to dismiss. The court rejected Currier's contention that his petition for rehearing was timely and adopted the DOR's reasoning that a tardy petition for rehearing does not extend the time for seeking judicial review of the agency's original decision on the merits.

### *Standard of Review*

¶ 9. This appeal requires us to construe and apply Wɪs. Sᴛᴀᴛ. §§ 73.01(5), 227.49(1) and 227.53(1). The interpretation of a statute and its application to undisputed facts are questions of law that we review independently. *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365. The purpose of statutory construction is to give effect to the legislature's intent. *Town of Avon v. Oliver*, 2002 WI App 97, ¶ 7, 253 Wis. 2d 647, 644 N.W.2d 260. In the absence of an applicable statutory definition, the legislature is presumed to intend the common usage of a term. *Hoffman v. Rankin*, 2002 WI App 189, ¶ 8, 256 Wis. 2d 678, 649 N.W.2d 350. The common and ordinary usage of words may be established by their definition in

a recognized dictionary. *Id.* However, in all cases, we are obligated to construe statutes in a manner that avoids absurd and unreasonable results. *Oliver*, 253 Wis. 2d 647, ¶ 7.

### *Discussion*

¶ 10. Currier argues, as he did before the circuit court, that both his petition for rehearing and his petition for judicial review were timely. We first address the timeliness of Currier's petition for rehearing.

¶ 11. Currier asserts that his petition for rehearing of the Commission decision was timely filed pursuant to WIS. STAT. § 73.01(5) because it was postmarked by midnight of the last day for filing. Section 73.01(5)(a), entitled "Appeals to commission" provides:

> *Any person who is aggrieved by a determination of the state board of assessors under s. 70.995 (8) or who has filed a petition for redetermination with the department of revenue and who is aggrieved by the redetermination of the department of revenue* may, within 60 days of the determination of the state board of assessors or of the department of revenue or, in all other cases, within 60 days after the redetermination but not thereafter, file with the clerk of the commission a petition for review of the action of the department of revenue . . . . *For the purposes of this subsection, a petition for review is considered timely filed if mailed by certified mail in a properly addressed envelope, with postage duly prepaid, which envelope is postmarked before midnight of the last day for filing.* (Emphasis added.)

However, by its plain language, § 73.01(5) governs petitions for review from determinations by either the State Board of Assessors or the DOR to the Commis-

sion. This case involves an attempt to obtain a rehearing of a Commission determination.

¶ 12. Petitions for review of a State Board of Assessors or a DOR decision and petitions for rehearing of a Commission decision occur at different stages of the appeal process and are covered by different statutes. A party aggrieved by a State Board of Assessors or a DOR decision files a petition for review with the Commission *before* the Commission reviews the case and renders its decision. Pursuant to Wis. Stat. § 73.01(5), a party timely files such a petition for review if it is postmarked before midnight of the last day for filing. On the other hand, a party aggrieved by a decision of the Commission itself files a petition for rehearing *after* the Commission has already reviewed the case and rendered its decision. The timeliness of such a petition for rehearing is governed by Wis. Stat. § 227.49(1). *See* Wis. Stat. § 73.015(2) (any adverse determination of the Commission is subject to review in the manner provided in Wis. Stat. ch. 227). Because Currier's challenge pertains to a petition for rehearing of a Commission decision, we turn to § 227.49(1).

¶ 13. Wisconsin Stat. § 227.49(1), entitled "Petitions for rehearing in contested cases," states in part:

> A petition for rehearing shall not be a prerequisite for appeal or review. Any person aggrieved by a final order may, *within 20 days after service of the order, file a written petition for rehearing* which shall specify in detail the grounds for the relief sought and supporting authorities. (Emphasis added.)

Section 227.49(1) expressly requires a person petitioning for rehearing from an agency decision to "file" the petition within twenty days of service of the agency's decision.

701

¶ 14. Currier appears to argue that mailing, in and of itself, constitutes filing. WISCONSIN STAT. ch. 227 does not define the term "file" and we are not aware of any published Wisconsin case law specifically establishing what constitutes filing pursuant to WIS. STAT. § 227.49(1).

¶ 15. However, cases have repeatedly recognized that "[t]o construe or define 'mailing' as 'filing' is to ignore the plain meaning of the word. Mailing merely initiates the process by which an article in the due course of the post will be delivered." *E.M. Boerke, Inc. v. Williams*, 28 Wis. 2d 627, 635, 137 N.W.2d 489 (1965); *Hoffman*, 256 Wis. 2d 678, ¶ 14. Filing, as it is defined in the dictionary, contemplates delivery to the proper authority. *See E.M. Boerke*, 28 Wis. 2d at 635 (dictionary definition of to "file" entails delivery to the proper person); *Hoffman*, 256 Wis. 2d 678, ¶ 13 (stating that the recognized dictionary definition of to "file" is:

> [T]o deliver (as a legal paper or instrument) after complying with any condition precedent (as the payment of a fee) to the proper officer for keeping on file or among the records of his office . . . to place (as a paper or instrument) on file among the legal or official records of an office esp. by formally receiving, endorsing, and entering. (Citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabr. 1993).)[3]

¶ 16. Wisconsin courts have applied this distinction between mailing and filing in a variety of contexts.

---

[3] We note that the eighth edition of BLACK'S LAW DICTIONARY defines to "file" and to "mail" consistently with these definitions. *See* BLACK'S LAW DICTIONARY 660, 972 (8th ed. 2004) (defining to "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record" and to "mail" as "[t]o deposit (a letter, package, etc.) with the U.S. Postal Service").

For example, in the context of appellate procedure, our supreme court has concluded that absent specific statutory language to the contrary filing is accomplished when the petition is physically handed to and accepted by the clerk of courts. *See Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 822, 284 N.W.2d 93 (1979) (holding that "filing, under [Wis. Stat.] sec. 809.10, means physical delivery of the notice of appeal to and receipt by the clerk of the trial court . . . . [T]he notice of appeal . . . shall be considered filed as of the date that the notice of appeal is actually received by the clerk."); *First Wis. Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 364–65, 274 N.W.2d 704 (1979) (determining that filing of a petition for appeal to the Wisconsin Supreme Court under Wis. Stat. § 808.10 occurs when it is received by the clerk of courts' office). This court has held that the term "file" for purposes of the statute and relevant administrative code provisions requiring a party to file a sexual discrimination complaint within 300 days of the alleged discrimination entails delivery to the intended recipient. *Hilmes v. DILHR*, 147 Wis. 2d 48, 53–54, 433 N.W.2d 251 (Ct. App. 1988) (filing does not occur until the complaint is received, meaning the physical receipt of the complaint by the department). We have also held that filing for purposes of Wis. Stat. § 655.445, a statute permitting medical malpractice patients to request mediation within fifteen days of filing a court action, means delivery of the request to the proper officer for keeping on file or among records of his or her office. *Hoffman*, 256 Wis. 2d 678, ¶¶ 12, 15, 20.

¶ 17. We are satisfied that the term "file" as it is used in Wis. Stat. § 227.49(1) also should be accorded its ordinary meaning. *See Hoffman*, 256 Wis. 2d 678,

703

¶ 8 (in absence of an applicable statutory definition, the legislature is presumed to intend the common usage of a term, as defined in recognized dictionary). Thus, we hold that the filing of a petition for rehearing under § 227.49(1) is not accomplished upon its mailing. Rather, a petition is filed when it is physically delivered to and received by the relevant authority.

¶ 18. Here, the Commission served its decision on June 16, which would mean that the twenty-day time limit for filing a petition for rehearing expired on July 6. *See* WIS. STAT. § 227.49(1). While Currier's petition was postmarked July 6, the petition was not delivered to and received by the Commission until July 7. Because Currier's petition was not delivered to and received by the Commission until twenty-one days after service of the Commission's original decision, Currier's petition was not timely filed.

¶ 19. We next address Currier's assertion that his petition for judicial review was timely filed. He insists the thirty-day period for filing a petition for judicial review, *see* WIS. STAT. § 227.53(1)(a)2., began running on July 13 when the Commission denied his petition for rehearing, rather than on June 16 when the Commission served the original adverse decision. We cannot agree; section 227.53(1)(a)2. assumes a timely request for rehearing has been submitted.

¶ 20. WISCONSIN STAT. § 227.53(1)(a)2. provides:

> Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48. If a

704

rehearing is requested under s. 227.49, any party desiring judicial review shall serve and file a petition for review within 30 days after service of the order finally disposing of the application for rehearing, or within 30 days after the final disposition by operation of law of any such application for rehearing. The 30–day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency.

Thus, as a general matter, § 227.53(1)(a)2. affords a petitioner thirty days from the date of service of the original adverse agency decision to file a petition for judicial review. The extended deadline for filing a petition for judicial review applies only when rehearing is "requested under s. 227.49." *See* § 227.53(1)(a)2. Section 227.49(1) specifies that the petition for rehearing must be filed, meaning physically delivered to and received by the agency, within twenty days of the initial decision. Therefore, if a petition for rehearing is not filed within the twenty-day time limit, a rehearing is not properly "requested under s. 227.49" and the petitioner does not acquire the benefit of the extended deadline for petitioning for judicial review. *See* § 227.53(1)(a)2.

¶ 21. As the circuit court aptly noted, if we were to hold otherwise, we would create the dangerous precedent of permitting parties to resurrect untimely petitions for judicial review simply by filing a request for rehearing with the agency. Once the agency denied the tardy petition for rehearing, a party would have thirty days to seek judicial review of the agency's decision. This would be true regardless of whether the petition for rehearing was filed months or years after the agency served its original decision. We cannot countenance such an absurd and unreasonable result.

705

*See Oliver,* 253 Wis. 2d 647, ¶ 7 (courts have an obligation to construe statutes in a manner that avoids absurd or unreasonable results).

¶ 22. Since Currier's petition for rehearing was not timely filed, rehearing was not properly "requested under s. 227.49." *See* WIS. STAT. § 227.53(1)(a)2. Currier was therefore required to file his petition for circuit court review within thirty days service of the Commission's original adverse decision. The Commission served its original decision on June 16 and Currier did not file his petition until August 11, clearly outside the confines of the thirty-day period.

¶ 23. We appreciate the consequences to Currier of our decision. "To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending." *Ryan v. DOR,* 68 Wis. 2d 467, 472, 228 N.W.2d 357 (1975) (citation omitted). Strict compliance with the statutes is required. *Brachtl v. DOR,* 48 Wis. 2d 184, 187–88, 179 N.W.2d 921 (1970) (holding that timely service is indispensable to trigger judicial review of the Commission's decision); *Ryan,* 68 Wis. 2d at 472. Because Currier did not timely file his petition for rehearing with the Commission, his petition for review with the circuit court was also untimely. The circuit court, therefore, lacked competency to proceed and we affirm its order dismissing the petition. *See Johnsonville Sausage, Inc. v. DOR,* 113 Wis. 2d 7, 9, 11, 334 N.W.2d 269 (Ct. App. 1983) (failure to comply with mandatory time limits results in loss of circuit court's competency to proceed).

*By the Court.*—Order affirmed.