Wisconsin Power and Light Company,
Petitioner-Appellant,

v.

Public Service Commission of Wisconsin,
Respondent-Respondent,

Madison Gas and Electric Company,
Interested Party-Respondent.

Court of Appeals

*No. 2005AP3092. Submitted on briefs August 23, 2006.
—Decided September 20, 2006.*

2006 WI App 221

(Also reported in 725 N.W.2d 423.)

706

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas L. Shriner, Jr.* and *Stephan J. Nickels* of *Foley & Lardner, LLP,*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *David J. Gilles*, general

counsel, and *Edward S. Marion*, assistant general counsel, of *Public Service Commission of Wisconsin*, Madison.

On behalf of the interested party-respondent, a response was submitted by *Richard K. Nordeng* and *Barbara A. Neider* of *Stafford Rosenbaum, LLP*, Madison.

Before Brown, Nettesheim and Anderson, JJ.

¶ 1. ANDERSON, J. Wisconsin Power and Light Company appeals from a circuit court order dismissing its petition for judicial review of an adverse ruling of the Public Service Commission of Wisconsin. The circuit court dismissed WPL's petition because it was served after the expiration of the thirty-day limitation period provided in WIS. STAT. § 227.53(1)(a)2. (2003–04).[1] The circuit court measured the thirty days from the date the PSC served the parties by mail. WPL claims that the PSC did not trigger the thirty-day limitation period until it properly filed its decision, which WPL contends did not occur until one day after the PSC mailed the decision. We conclude that the PSC filed the decision on the same day it served the parties by mail. The circuit court correctly calculated the time within which WPL had to serve its petition for judicial review. We affirm.

### Facts

¶ 2. We begin with some background on the PSC's filing procedures. According to the records management program supervisor for the records management unit of the PSC, in December 2003, the PSC adopted

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

the Electronic Records Filing system and changed the process for filing documents. Under this new system, the PSC records management unit stamps a PSC decision with the date the document is mailed to the parties. At that time, the decision is available to anyone who requests it. In addition, the records management unit stamps the decision with the date and time it was uploaded into the ERF. This date may differ from the mailing date because the records management unit has forty-eight hours to include the records in the ERF.

¶ 3. In this particular case, in May 2004, WPL filed a petition for a declaratory ruling with the PSC. The case involved an electric service territory dispute between Madison Gas and Electric Company and WPL. The merits of the parties' claims are not at issue in this appeal.

¶ 4. On May 17, 2005, the secretary to the PSC signed the ruling dismissing WPL's petition for a declaratory ruling. The PSC mailed its decision to WPL on May 18, as indicated by the stamp reading, "DATE MAILED May 18, 2005." The PSC uploaded the decision into its electronic database on May 19, 2005. The PSC's notation reads, "Public Service Commission of Wisconsin RECEIVED: 05/19/05, 11:59:38 AM." On June 17, WPL filed its petition for judicial review with the circuit court. On June 20, WPL served the PSC with its petition for judicial review.

¶ 5. MG&E and the PSC filed motions to dismiss, as untimely, WPL's petition for judicial review. They reasoned as follows. The PSC served its decision on the parties by mail on May 18. Thus, for WPL's petition to be timely, it had to serve and file its petition for judicial review within thirty days after May 18 or no later than

June 17. Although WPL filed its petition with the circuit court on June 17, it did not serve the petition on the PSC until June 20.

¶ 6. WPL responded that the appropriate date from which to measure the thirty days was May 19, which was the date it claimed the PSC had filed the decision. WPL explained that if the thirty days began to run on May 19, then it had until June 18 to serve the petition on the PSC. Because June 18 fell on a Saturday, the petition did not have to be served until Monday, June 20.

¶ 7. The circuit court agreed with MG&E and the PSC and dismissed WPL's petition for judicial review. WPL appeals.

## Standard of Review

¶ 8. This appeal requires us to construe and apply Wis. Stat. ch. 227 and Wis. Admin. Code § PSC 2.06 (June 2002).[2] The interpretation of a statute and its application to undisputed facts are questions of law that we review independently. *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365. Likewise, we interpret administrative rules independent of the circuit court. *State ex rel. Sprewell v. McCaughtry*, 226 Wis. 2d 389, 393, 595 N.W.2d 39 (Ct. App. 1999). Further, when interpreting administrative regulations, we use the same rules of construction and interpretation applicable to statutes. *State v. Busch*, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998).

---

[2] All references to Wis. Admin. Code § PSC 2.06 are to the June 2002 register.

## Discussion

¶ 9. WPL argues, as it did before the circuit court, that it timely served its petition for judicial review. We, like the circuit court, are not persuaded by WPL's reasoning.

¶ 10. WISCONSIN STAT. § 227.48 outlines the requirements for service of an agency decision. Pursuant to the statute, "Every decision when made, signed and filed, shall be served forthwith by personal delivery or mailing of a copy to each party to the proceedings or to the party's attorney of record." Sec. 227.48(1).

¶ 11. WISCONSIN STAT. § 227.53(1) establishes the procedural requirements for filing and serving a petition for judicial review of an agency decision. Subsection (1)(a)2. provides:

> [P]etitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48 . . . . The 30–day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency.

Thus, the thirty-day limitation period is triggered only by WIS. STAT. § 227.48 service of the decision upon the parties. *Hedrich v. Board of Regents of the Univ. of Wis.*, 2001 WI App 228, ¶ 25, 248 Wis. 2d 204, 635 N.W.2d 650. Service occurs on the date the decision is mailed to the parties, not the various dates of receipt. *Evans v. Bureau of Local and Reg'l Planning*, 72 Wis. 2d 593, 596, 241 N.W.2d 603 (1976). Once the time limitation is triggered, strict compliance is required. *See Currier v. DOR*, 2006 WI App 12, ¶ 23, 288 Wis. 2d 693, 709

711

N.W.2d 520. The failure to comply with the mandatory time limitation results in the loss of the circuit court's competency to proceed and the petition must be dismissed. *Id.*

¶ 12. WPL contends that WIS. STAT. ch. 227 establishes three prerequisites that have to be satisfied before a decision is validly served and the thirty-day period will begin to run. According to WPL, under the plain language of WIS. STAT. § 227.48, an agency can only serve a decision after it is made, signed and filed—in that precise order. WPL asserts that the PSC did not file its decision until the records management unit date and time stamped the decision as "RECEIVED" when it was uploaded onto the ERF on May 19. Therefore, § 227.48 service of the decision did not occur until May 19 and the thirty-day limitation period did not close until June 20.

¶ 13. WPL relies on the definition of "file" provided in the PSC regulations. WISCONSIN ADMIN. CODE § PSC 2.06(1) states:

> A person shall file any paper authorized or required to be filed by this chapter with the records management unit of the commission between the hours of 7:45 a.m. and 4:00 p.m. on a working day. Papers are not considered filed until they are date and time stamped by the records management unit.

WPL contends that "person" includes the PSC. *See* WIS. ADMIN. CODE § PSC 2.02(11) (stating that "person" has the same meaning as that provided in WIS. STAT. § 990.01(26), which includes governmental entities).

¶ 14. WPL's reliance on WIS. ADMIN. CODE § PSC 2.06(1) is misplaced. First, when § PSC 2.06(1) is read in conjunction with the other subsections, it becomes

clear that § PSC 2.06 is not meant to apply to documents originating within the PSC. *See Town of Sheboygan v. City of Sheboygan*, 150 Wis. 2d 210, 213, 441 N.W.2d 752 (Ct. App. 1989) (commenting that in determining the meaning of any single phrase or word in a statute, it is necessary to look at it in light of the whole statute). Rather, § PSC 2.06 is meant to apply to third parties filing documents with the PSC. For example, subsection (2) provides that "a person shall file the original and 20 copies of all papers filed with the commission." As MG&E aptly states, "It would make no sense to require the [PSC] to file 20 copies of its decisions with itself." While, as WPL suggests, § PSC 2.06 may embrace filings by third-party governmental entities, it is illogical for it apply to the PSC's own decisions.

¶ 15. Second, WPL's interpretation poses a potential conflict between Wis. Admin. Code § PSC 2.06 and Wis. Stat. § 227.48(1). *See County of Milwaukee v. Superior of Wisconsin, Inc.*, 2000 WI App 75, ¶ 21, 234 Wis. 2d 218, 610 N.W.2d 484 (stating that statutes and administrative regulations on the same subject matter must be construed in a manner that harmonizes them in order to give each full force and effect). Section PSC 2.06(3)(a)2. provides, "The filing of any paper required to be served constitutes a certification by the person making the filing that a copy of such paper has been served." If, as WPL suggests, the PSC is a "person" and a PSC decision must be date and time stamped before it may be filed and therefore served under § 227.48(1), the PSC could not possibly comply with § PSC 2.06(3)(a)2., which plainly requires the opposite. For these reasons, we conclude that § PSC 2.06 does not dictate when a PSC decision is filed for purposes of § 227.48 service.

¶ 16. We agree with the PSC and MG&E that the proper definition for "file" for purposes of WIS. STAT. § 227.48 can be found in *Currier*. There, we considered how to define the term file for purposes of WIS. STAT. § 227.49 petitions for rehearing of an agency decision. *Currier*, 288 Wis. 2d 693, ¶ 14. We applied the general principle that, in absence of a relevant statutory definition, the legislature is presumed to intend the common usage of a term, which can be established by its definition in a recognized dictionary. *See id.*, ¶ 17 (citing *Hoffman v. Rankin*, 2002 WI App 189, ¶ 8, 256 Wis. 2d 678, 649 N.W.2d 350). Our review of dictionary definitions and case law applying those definitions led us to the conclusion that in order to file a petition, the petition had to be physically delivered to and received by the relevant authority. *See Currier*, 288 Wis. 2d 693, ¶¶ 14–17 (citing dictionary and case law definitions of the term). We see no reason why we should not apply this general rule of statutory construction and read the same definition into § 227.48, a related statute. *See Logerquist v. Board of Canvassers for Nasewaupee*, 150 Wis. 2d 907, 913, 442 N.W.2d 551 (Ct. App. 1989) (statutes relating to the same subject matter should be construed consistently).

¶ 17. Applying this definition, the PSC filed the decision with the records management unit on May 18, which is the date the records management unit physically received the decision. The record management unit's physical receipt by that date is evidenced by the date mailed stamp. Further, at that point, the decision was available to anyone who requested it. Thus, even assuming, as WPL suggests, that there is a precise sequence to follow for WIS. STAT. § 227.48 service, by

714

May 18 the PSC had complied with that sequence—the decision had been made, signed, filed and then mailed. Accordingly, the PSC triggered the thirty-day limitation period on May 18.[3] WPL failed to serve its petition for judicial review within those thirty days. The circuit court correctly dismissed WPL's petition as untimely.[4]

*By the Court.*—Order affirmed.

[3] WPL relies on *Colby v. Columbia County*, 202 Wis. 2d 342, 550 N.W.2d 124 (1996), to argue that the PSC's May 18 attempted service may be disregarded entirely because the PSC violated the statutory sequence for service set forth in WIS. STAT. § 227.48 by not filing its decision until May 19 or one day after it served the petition by mail. Because we conclude that the PSC filed its decision on May 18 and then served it by mail that same day, the PSC did not violate any alleged mandatory sequence and we need not consider the argument further.

[4] To avoid problems in the future, we urge the PSC to clarify its administrative rules so that they reflect the fact that the filing provisions apply only to third-party filings or change its procedures so that its own decisions are date and time stamped when the records management unit physically receives them.