PER CURIAM.
¶1 Troy Paulson, pro se, appeals an order dismissing his lawsuit against the Wisconsin Department of Natural Resources (DNR). We conclude Paulson's lawsuit was properly dismissed because he did not timely seek judicial review of the DNR's decision denying him a permit to discharge fill material onto a wetland under WIS. STAT. ch. 227 (2015-16).[1] As a result, the circuit court lacked competency to proceed to judgment on Paulson's complaint. We therefore affirm the order dismissing Paulson's lawsuit, albeit on different grounds than those relied upon by the circuit court.
BACKGROUND
¶2 The following facts are undisputed. Paulson, his wife, and two other individuals own a parcel of wetland property in Polk County, Wisconsin. Paulson wanted to build two detached garages on the property, but in order to do so he needed to fill in approximately 8755 square feet of wetland. In order to place fill in a wetland, a property owner must obtain either a wetland general permit or a wetland individual permit from the DNR. See WIS. STAT. § 281.36(3b)(b).
¶3 On November 4, 2015, Paulson submitted an application to the DNR for a wetland general permit under WIS. STAT. § 281.36(3g). Under that statute, the DNR has thirty days to issue a decision on an individual's permit application. See § 281.36(3g)(h)2. If the DNR does not, within that thirty-day time period, either request additional information or inform the applicant that a wetland individual permit will be required, the discharge "shall be considered to be authorized under the wetland general permit and the applicant may proceed without further notice." Id. An exception to the thirty-day time limit exists, however, when "adverse weather conditions prevent the [DNR] from conducting an accurate on-site inspection" during the thirty-day period. Sec. 281.36(3g)(h)2m. Under those circumstances, the DNR "shall give notice to the person wishing to proceed with the discharge that adverse weather conditions will prevent the [DNR] from complying with the 30-day deadline and shall complete the inspection as soon as weather conditions permit." Id.
¶4 On December 3, 2015-twenty-nine days after Paulson submitted his permit application-the DNR informed Paulson that it would need to perform a site visit the following spring "to evaluate the functions and values of the wetland" during the growing season. The site visit ultimately took place on May 6, 2016. On May 16, 2016-ten days after the site visit-the DNR sent Paulson a letter stating his application was denied because the project did not "meet the alternatives analysis of the general permit."
¶5 In the same letter, the DNR also informed Paulson that the wetland on his property had a navigable connection to a nearby lake, "which makes a portion of this wetland complex lakebed." The DNR therefore explained that, regardless of whether it granted Paulson's application for a wetland general permit, before constructing the proposed garages Paulson would also be required to obtain an "individual permit" under WIS. STAT. § 30.12 allowing him to place structures on a lakebed. However, the DNR stated Paulson's application for an individual permit under § 30.12 would "likely be denied" because granting the permit "would be detrimental to the public's interests."
¶6 Paulson did not file a petition for judicial review of the DNR's May 16, 2016 decision under WIS. STAT. ch. 227, nor did he apply for an individual permit under WIS. STAT. § 30.12. Instead, on April 19, 2017-approximately eleven months after the DNR issued its decision-Paulson commenced the instant lawsuit against the DNR by the filing of a summons and complaint, seeking injunctive relief. Paulson asserted the DNR's denial of his wetland general permit application was invalid because it was not issued within the thirty-day time limit set forth in WIS. STAT. § 281.36(3g)(h)2. Because the DNR had failed to timely act on his application, Paulson argued his proposed discharge of fill material should be "considered to be authorized." Paulson subsequently filed an amended complaint adding an argument that, because his wetland general permit was deemed granted under § 281.36(3g)(h)2., he had necessarily satisfied the permitting requirements in § 30.12(1) for placing structures on a lakebed. His amended complaint requested declaratory and injunctive relief, along with compensatory and punitive damages.
¶7 In its responses to Paulson's complaint and amended complaint, the DNR asserted that its denial of Paulson's wetland general permit application "was issued in compliance with all procedural requirements, was based upon substantial evidence contained in the record, was a correct interpretation and application of the law, and was within the discretion permitted by law." The DNR also argued that, regardless of whether it had properly denied Paulson's wetland general permit application, Paulson could not perform the proposed work until he applied for and obtained an individual permit under WIS. STAT. § 30.12(1). The DNR further argued that Paulson's lawsuit was subject to the judicial review provisions of WIS. STAT. ch. 227. Finally, the DNR reserved its right to raise a sovereign immunity defense.
¶8 The DNR subsequently filed a motion to classify Paulson's lawsuit "as an Administrative Agency Review action subject to the procedures and requirements in WIS. STAT. ch. 227." On the same day, the DNR moved to dismiss Paulson's lawsuit, arguing it was not timely filed within thirty days after the DNR mailed its decision denying his permit application, as required by WIS. STAT. § 227.53(1)(a)2m. Because Paulson did not timely seek judicial review of the DNR's decision, the DNR contended the circuit court "lack[ed] competency to proceed with judgment" on his complaint.
¶9 The circuit court issued an oral ruling on the DNR's motions. The court first rejected the DNR's argument that Paulson's lawsuit should be reclassified as an action for judicial review under WIS. STAT. ch. 227 and should therefore be dismissed as untimely. The court reasoned that the DNR's May 16, 2016 letter denying Paulson's wetland general permit application was not issued within the thirty-day time period set forth in WIS. STAT. § 281.36(3g)(h)2. The court conceded that the DNR's December 3, 2015 letter qualified as an adverse weather notice under § 281.36(3g)(h)2m. and therefore "forestall[ed] the 30-day time period" for issuing a decision. However, the court concluded the time limit began to run again on May 6, 2016-the date of the DNR's site visit. The court therefore ruled that the DNR was required to issue its decision by May 8, 2016, which it did not do. Accordingly, the court concluded the DNR's May 16, 2016 letter denying Paulson's permit application was not a valid agency decision and, as such, was not subject to judicial review under ch. 227.
¶10 The circuit court further concluded that Paulson's application for a wetland general permit should be deemed granted because the DNR did not issue a decision denying Paulson's application within the statutory thirty-day time limit. Nevertheless, the court agreed with the DNR that Paulson's project could not proceed because a separate, individual permit was required under WIS. STAT. § 30.12(1) for Paulson to place structures on a lakebed. The court rejected Paulson's argument that his wetland general permit automatically fulfilled the permitting requirements set forth in § 30.12(1). The court therefore granted the DNR's motion to dismiss Paulson's complaint, and Paulson now appeals.
DISCUSSION
¶11 On appeal, Paulson argues the circuit court erred by concluding his wetland general permit did not satisfy the permitting requirements in WIS. STAT. § 30.12(1) for placing structures on a lakebed. We need not address that issue, however, because we conclude the court's decision dismissing Paulson's lawsuit may be affirmed on other grounds. Namely, we conclude the court lacked competency to proceed to judgment because Paulson failed to timely petition for judicial review under WIS. STAT. ch. 227 of the DNR's decision denying his wetland general permit application.[2]
¶12 As a threshold matter, we conclude, as a matter of law, that WIS. STAT. ch. 227 governs Paulson's claim against the DNR. Under the doctrine of sovereign immunity, in order to maintain a lawsuit against a state agency, a plaintiff must point to a specific legislative enactment authorizing his or her suit. Turkow v. DNR , 216 Wis. 2d 273, 281, 576 N.W.2d 288 (Ct. App. 1998). "The consent to suit against a state agency is set forth in ch. 227 ... and constitutes the exclusive method for judicial review of agency determinations." Id. at 281-82 (citation omitted).
¶13 Thus, with limited exceptions not applicable here, "[a]dministrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in [ WIS. STAT. ch. 227]." WIS. STAT. § 227.52. In this case, the relevant administrative decision is the DNR's May 16, 2016 decision denying Paulson's application for a wetland general permit. That decision adversely affected Paulson's substantial interests, as it prevented him from proceeding with his plan to construct garages on his property. As such, the procedures set forth in ch. 227 were the "exclusive method" by which Paulson could obtain judicial review of the DNR's decision. See Turkow , 216 Wis. 2d at 282.
¶14 The circuit court determined WIS. STAT. ch. 227 was inapplicable because the DNR's May 16, 2016 decision was untimely under WIS. STAT. § 281.36(3g)(h)2., and the DNR had therefore failed to issue a valid decision for purposes of judicial review.[3] We do not agree with the circuit court's reasoning. Even accepting the court's conclusion that the May 16 decision was untimely, a court's determination of whether an agency's decision was timely still constitutes judicial review of that decision. Thus, if Paulson wanted to challenge the May 16 decision on the ground that it was untimely, his only avenue to obtain judicial review of that issue was through ch. 227.[4]
¶15 We therefore turn to the issue of whether Paulson's lawsuit against the DNR complied with the procedural requirements of WIS. STAT. ch. 227. WISCONSIN STAT. § 227.53(1)(a)2m. unambiguously states that a petition for judicial review in a case other than a contested case must be served and filed within thirty days after personal service or mailing of the agency's decision.[5] Paulson does not dispute that the DNR's decision denying his wetland general permit was mailed on May 16, 2016. As such, Paulson was required to file any petition for judicial review by June 16, 2016. It is undisputed that Paulson failed to do so.[6] He instead waited until April 2017 to file a summons and complaint against the DNR seeking injunctive relief. Even if Paulson's summons and complaint were construed as a petition for judicial review under ch. 227, they were filed well outside of the thirty-day time limit set forth in § 227.53(1)(a)2m. and were therefore untimely.
¶16 The right to judicial review of an agency decision is dependent upon strict compliance with the procedural requirements set forth in WIS. STAT. § 227.53(1). See Wisconsin Power & Light Co. v. PSC , 2006 WI App 221, ¶11, 296 Wis. 2d 705, 725 N.W.2d 423. The failure to timely file a petition for judicial review of an agency's decision results in the circuit court lacking competency to proceed to judgment and requires dismissal of the petition. See Currier v. DOR , 2006 WI App 12, ¶23, 288 Wis. 2d 693, 709 N.W.2d 520 (2005) ; Wisconsin Power & Light , 296 Wis. 2d 705, ¶11. Accordingly, because Paulson failed to timely petition for judicial review of the DNR's decision denying his application for a wetland general permit, the circuit court lacked competency to proceed to judgment on his complaint. We therefore affirm the order dismissing Paulson's lawsuit against the DNR.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The interpretation and application of Wis. Stat. ch. 227 are questions of law that we review independently. See State v. Jones , 2018 WI 44, ¶27, 381 Wis. 2d 284, 911 N.W.2d 97. Whether a circuit court has competency to proceed is also a question of law for our independent review. See Village of Trempealeau v. Mikrut , 2004 WI 79, ¶7, 273 Wis. 2d 76, 681 N.W.2d 190.

In his reply brief, Paulson asserts the circuit court properly exercised its discretion by denying the DNR's motion to reclassify his lawsuit as an action for judicial review under Wis. Stat. ch. 227. However, he cites no legal authority in support of his assertion that the court's decision in that regard was discretionary. As noted above, the interpretation and application of ch. 227 are questions of law that we review independently.

In the circuit court, Paulson observed that Wis. Stat. § 281.36 sets forth a specific process for obtaining administrative and judicial review of decisions regarding wetland individual permits, see § 281.36(3q), but the statute does not contain any similar process with respect to wetland general permits. Paulson therefore argued the legislature did not intend for decisions regarding wetland general permits to be subject to judicial review.
It appears Paulson has abandoned this argument on appeal. Regardless, we agree with the State that the argument lacks merit. The fact that Wis. Stat. § 281.36(3q) sets forth a special procedure for obtaining administrative and judicial review of decisions regarding wetland individual permits does not change the general rule that judicial review under Wis. Stat. ch. 227 is available for agency decisions that adversely affect the substantial interests of any person. See Wis. Stat. § 227.52. As noted above, the DNR's decision to deny Paulson's application for a wetland general permit adversely affected his substantial interests by preventing him from building garages on his property. As a result, ch. 227 provided the "exclusive method" for judicial review of the DNR's decision. See Turkow v. DNR , 216 Wis. 2d 273, 281, 576 N.W.2d 288 (Ct. App. 1998).

In the event his claim against the DNR is governed by Wis. Stat. ch. 227, Paulson does not dispute that the thirty-day time limit in Wis. Stat. § 227.53(1)(a)2m. applies. Stated differently, he does not argue that he is seeking judicial review of a decision arising from a contested case. Moreover, he has not cited any evidence indicating that he requested a contested case hearing under Wis. Stat. § 227.42.

In fact, Paulson conceded in the circuit court that he "did not file for a review within 30 days of receiving the [May 16, 2016] letter."