UNITED RENTALS, INC., Plaintiff-Appellant,

v.

CITY OF MADISON, Defendant-Respondent.

Court of Appeals

*No. 2005AP1440. Submitted on briefs December 7, 2005.
—Decided April 26, 2007.†*

2007 WI App 131

(Also reported in 733 N.W.2d 322.)

† Errata issued 4/27/07.

245

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Margaret M. Derus* and *Lucien A. Beaudry* of *Reinhart Boerner Van Deuren S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Larry W. O'Brien*, assistant city attorney.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. United Rentals, Inc. appeals an order granting summary judgment to the City of Madison in United Rentals' action for a refund of 2002 and 2003 taxes paid to the City for rented personal property. United Rentals argues that the property is exempt from taxation under Wis. Stat. § 70.111(22) (2003-2004).[1] We disagree, and therefore affirm the circuit court order.

## FACTS[2]

¶ 2. The following stipulated facts are taken from the summary judgment record. United Rentals, Inc. is an equipment rental company with a subsidiary branch location in the City of Madison. The rental property United Rentals offers includes construction equipment, tools and other similar equipment.[3]

¶ 3. An affidavit by United Rentals' Madison branch manager Erik L. Sahr describes the standard rental agreements used by United Rentals as establishing rental rates in terms of a customer's use for either one day, one full week or four full weeks. Sahr averred that "[t]he Rental Out Contract does not provide a rate for rental periods in excess of four weeks. If the customer returns the equipment after less than one full

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] United Rentals' facts section contains no citations to the record; United Rentals cites only to its own appendix. This is improper. Such a failure to cite to the record is a violation of Wis. Stat. Rule 809.19(1)(d) of the rules of appellate procedure, which requires parties to include in their briefs "facts relevant to the issues presented for review, with appropriate references *to the record*." (Emphasis added.)

[3] Wisconsin Stat. § 70.111(22) explicitly applies to "construction equipment."

249

week or four full weeks, the customer is charged the lesser of the daily or weekly rate, respectively." Sahr also averred that equipment may be rented for more than twenty-eight days, in which case a customer is sent a monthly billing. When equipment is rented for more than twenty-eight days, Sahr averred, the computer system used by United Rentals is set up to calculate multiple entries of twenty-eight days each. Sahr further averred that approximately ten percent of equipment rentals for the years 2001 through 2003 were for rentals that extended beyond twenty-eight days.

¶ 4. On or about February 28, 2002, United Rentals filed a 2002 personal property tax return with the city assessor's office reporting total assessable personal property of $38,503. The City then sent United Rentals an assessment notice indicating a total assessed value of $2,115,700 as of January 1, 2002. The assessment was sent because the City believed United Rentals' 2002 tax return did not include all assessable property. The 2002 assessment notice included an assessed value of $2,077,197 of property that was held for rental by United Rentals, the exemption for which is at issue in this case.

¶ 5. In December 2002, the City sent United Rentals a 2002 personal property tax bill indicating that $49,633.48 was due for the personal property at United Rentals' Madison location. United Rentals timely paid the 2002 tax bill in full, but under protest.

¶ 6. On January 30, 2003, United Rentals filed a claim against the City for a refund on the $48,756.60 paid on rented personal property. The City denied the refund claim. United Rentals commenced an action under WIS. STAT. § 74.35(3)(d)[4] challenging the refund denial.

---

[4] WISCONSIN STAT. § 74.35(3)(d) reads as follows:

¶ 7. In February 2003, United Rentals filed a 2003 personal property tax return with the city assessor's office reporting total assessable personal property of $27,182. The City again sent United Rentals an assessment notice indicating a total assessed value of $2,115,700 as of January 1, 2003. As was the case in 2002, the assessment was sent because the City believed United Rentals' tax return did not include all assessable property. The 2003 assessment notice included an assessed value of $2,088,518 of property that was held for rental by United Rentals, the exemption for which is also at issue in this case.

¶ 8. In December 2003, the City sent United Rentals a 2003 personal property tax bill indicating that $49,041.08 was due for the personal property at United Rentals' Madison location. United Rentals timely paid the $49.041.08 tax bill in full, but under protest.

¶ 9. United Rentals then filed a claim against the City for a refund on the $48,422.88 paid on rented personal property. The City denied the refund claim. United Rentals then filed another WIS. STAT. § 74.35(3)(d) action challenging the refund denial.

¶ 10. The two tax cases were consolidated and both United Rentals and the City filed motions for summary judgment based upon a joint stipulation of facts and affidavits submitted by the parties. The circuit court granted the City's motion and denied United Rentals' motion for summary judgment. The court concluded that United Rentals' rental property

If the taxation district disallows the claim, the claimant may commence an action in circuit court to recover the amount of the claim not allowed. The action shall be commenced within 90 days after the claimant receives notice by certified or registered mail that the claim is disallowed.

was not exempt from taxation under WIS. STAT. § 70.111(22). United Rentals appeals.

## DISCUSSION

*A. Standard of Review*

¶ 11. United Rentals appeals a summary judgment entered in the City of Madison's favor. Summary judgment is appropriate when there is no material factual dispute and a party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). Summary judgment methodology is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. The parties filed cross-motions for summary judgment on stipulated facts. Thus, the only issue we must address is the interpretation and application of WIS. STAT. § 70.111(22) to undisputed facts. The interpretation of a statute presents a question of law subject to de novo review. *Village of Lannon v. Wood-Land Contractors, Inc.*, 2003 WI 150, ¶ 12, 267 Wis. 2d 158, 672 N.W.2d 275.

¶ 12. Statutory interpretation begins with the statute's text; we give the text its common, ordinary, and accepted meaning, except that we give technical or specially defined words their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context within which it is used, "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd

or unreasonable results." *Id.*, ¶ 46. In construing a statute we are to give deference to the policy choices made by the legislature in enacting the law. *Id*, ¶ 44. We also consider the scope, context and structure of the statute itself. *Id.*, ¶¶ 46, 48–49. If this process of analysis yields a plain meaning, then there is no ambiguity and we apply that plain meaning. *Id.*, ¶ 46.

¶ 13. In Wisconsin, personal property is presumed taxable. WIS. STAT. § 70.109. Exemption from payment of taxes is an act of legislative grace; therefore the party seeking the exemption bears the burden of proving entitlement. *Deutsches Land, Inc. v. City of Glendale*, 225 Wis. 2d 70, 80, 591 N.W.2d 583 (1999). Tax exemptions are to be "strictly construed in every instance . . . ." WIS. STAT. § 70.109. The presumption of taxability is motivated by "the public interest to stem the erosion of municipal tax bases." *International Found. of Employee Benefit Plans, Inc. v. City of Brookfield*, 95 Wis. 2d 444, 454, 290 N.W.2d 720 (Ct. App. 1980), *aff'd,* 100 Wis. 2d 66, 301 N.W.2d 175 (1981). Tax exemptions are only allowed to the extent the plain language of a statute permits. *State ex rel. Dane County Title Co. v. Board of Review of Madison,* 2 Wis. 2d 51, 61, 85 N.W.2d 864 (1957). For tax exemptions to be valid they must be clear and express, and not extended by implication. *Id.* In construing tax exemptions, we apply a "strict but reasonable construction." *Deutsches Land,* 225 Wis. 2d at 80 (citation omitted). We resolve any doubts regarding the exemption in favor of taxability. *WDOR v. Greiling,* 112 Wis. 2d 602, 605, 334 N.W.2d 118 (1983).

*B. Analysis*

¶ 14. This dispute centers on the first element of WIS. STAT. § 70.111(22), namely, whether rental prop-

erty owned by United Rentals qualifies as "[p]ersonal property held for rental for periods of one month or less . . . ."[5] United Rentals alleges that the trial court made three errors in interpreting § 70.111(22). Specifically, it argues that: (1) the court erred by reading the word "only" into the statute, thereby creating an additional requirement for exemption; (2) the court improperly failed to consider the phrase "held for" when interpreting the first requirement for tax exemption under the statute; and (3) the court incorrectly interpreted the word "month" in the statute to mean each specific calendar month. As a catchall, United Rentals also asserts that the unambiguous terms of § 70.111(22) as applied to undisputed facts show that its property is held for rental for periods of one month or less to multiple users for their temporary use. We reject these arguments. We consider each argument in turn.

¶ 15. WISCONSIN STAT. § 70.111 establishes personal property tax exemptions and provides, in relevant part:

> The property described in this section is exempted from general property taxes:
>
> . . . .

___

[5] The parties also dispute whether United Rentals is "a subsidiary or affiliate of any other enterprise engaged in any business other than personal property rental . . . ." *See* WIS. STAT. § 70.111(22). Because our conclusion that the personal property the City seeks to tax and for which United Rentals seeks an exemption is property held for rental exceeding one month is dispositive, we do not address this issue. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (cases should be decided on the narrowest possible grounds).

(22) RENTED PERSONAL PROPERTY. Personal property held for rental for periods of one month or less to multiple users for their temporary use, if the property is not rented with an operator, if the owner is not a subsidiary or affiliate of any other enterprise which is engaged in any business other than personal property rental, if the owner is classified in group number 735, industry number 7359 of the 1987 standard industrial classification manual published by the U.S. office of management and budget and if the property is equipment, including construction equipment but not including automotive and computer-related equipment, television sets, video recorders and players, cameras, photographic equipment, audiovisual equipment, photocopying equipment, sound equipment, public address systems and video tapes; party supplies; appliances; tools; dishes; silverware; tables; or banquet accessories.

¶ 16. United Rentals first argues that the trial court created an additional requirement for its rental property to qualify for tax exemption under WIS. STAT. § 70.111(22), namely, that the property cannot be available for rental for more than one month to qualify for exemption. In other words, according to United Rentals, the court construed subsection (22) as applying solely to property made available for rental for *only* one month or less. United Rentals asserts that this reading of the subsection is contrary to the express language of the statute. We disagree.

¶ 17. WISCONSIN STAT. § 70.111(22), properly read, unambiguously expresses the legislature's clear intent to exempt certain rental property from taxation, which is property that is held for rental for one month or less. Put another way, the legislature expressly intended for property available for rental for more than one month to be taxed. We see no ambiguity in the statutory

language such that it might possibly apply to property that is held for rental for one month or less and is also available for rental for more than one month. Subsection (22) contains no such language and United Rentals does not point to any language that clearly expresses such an intent on the part of the legislature.

¶ 18. United Rentals relies on *Village of Lannon* in support of its contention that the trial court here improperly added an "only" requirement into Wis. Stat. § 70.111(22). United Rentals asserts that "[t]he [s]upreme [c]ourt held that the legislature uses limiting language when it intends to create limitations in exemption statutes, and Wis. Stat. § 70.111(22) [does] not contain a 'primary purpose of the business' limitation." Thus, according to United Rentals, even under the rule of construing tax exemption statutes in light of the presumption that all property is taxable, *Village of Lennon* establishes that "courts are bound to apply the language used by the legislature and may not insert additional limitations or restrictions that are not in the statute." United Rentals' reliance on *Village of Lannon* is misplaced.

¶ 19. The circumstances the supreme court addressed in *Village of Lannon* differ from those in the case at hand. There, the court reviewed a construction of a tax exemption statute by the court of appeals that obviously added a requirement inconsistent with the plain language of the statute. *See Village of Lannon*, 267 Wis. 2d 158, ¶¶ 20, 40–41. The supreme court observed that the statutory exemption contained no language supporting the court of appeals' construction of that statute. *Id.*, ¶¶ 15, 20. The court further observed that the legislature is capable of including limiting language to express its intent to narrow a tax exemption in the way offered by the court of appeals.

*Id.,* ¶¶ 22, 26. By way of example, the court looked at other subsections of WIS. STAT. § 70.111 where the legislature expressed its intent to more narrowly limit a tax exemption. *Id.,* ¶¶ 23–25. Nowhere in the court's discussion of the legislature's ability to use qualifying language to limit an exemption did the court indicate that this is the only manner by which the legislature limits a tax exemption. As we have seen here, the legislature aptly expressed its intention that property rented for one month or less be exempt from taxation, and that property rented for longer than one month be taxed. The legislature need not do more here than express itself plainly.

¶ 20. In a related argument, United Rentals suggests that "[a]n occasional, infrequent rental in excess of 28 days does <u>not</u> change the fact that the Rented Property was 'held for rental for periods of one month or less' on January 1, 2002 and January 1, 2003." Thus, as the argument goes, "[t]he few items that were rented for more than 28 days were also available for rental for periods of one month or less on January 1, 2002 and January 1, 2003." This argument is contrary to the plain language of WIS. STAT. § 70.111(22).

¶ 21. The plain and unambiguous language of WIS. STAT. § 70.111(22) reflects a clear legislative intent that the statute apply only to property held for rental for one month or *less,* and not to property available for rental for longer periods. We reject United Rentals' invitation to read more into the exemption statute than what is plainly there.

¶ 22. United Rentals' second argument is that the trial court did not properly consider the phrase "held for" in the first requirement for exemption under WIS.

STAT. § 70.111(22). Without citation to authority, United Rentals argues that to satisfy the "held for rental for periods of one month or less" requirement, the rental business "must demonstrate that its purpose for holding the equipment on January 1 is to engage in multiple rentals for periods of one month or less." United Rentals next engages in statutory construction and defines the word "for" by reference to a dictionary, and then asserts that its "actual rental activity, the terms of its rental arrangements and the undisputed fact that the Rented Property was available for rentals for less than 28 days" supports its view that it satisfied the requirement that the property be "held for rental for periods of one month or less." We reject this argument.

¶ 23. The strength of United Rentals' argument hinges entirely on its reading of WIS. STAT. § 70.111(22) as permitting the "incidental" rental of property exceeding one month and still maintaining its tax exemption status, a view which we rejected earlier. The balance of United Rentals' arguments on this particular topic suffer from the same fallacy; thus we address this topic no further.

¶ 24. United Rentals' last argument is that the trial court improperly interpreted the phrase "periods of one month or less" as "property which is rented for up to, and including the last day of any given calendar month" to qualify for an exemption under WIS. STAT. § 70.111(22). It appears that the trial court may be wrong, although the City concedes that the statutes give no guidance on how to construe this language. However, as the City aptly points out, the circuit court's conclusion on this topic is of no consequence here. United Rentals concedes that its property may be

rented for more than one month, thus removing that property from the reach of the tax exemption statute.[6]

¶ 25. In sum, the plain language of Wɪs. Sᴛᴀᴛ. § 70.111(22) unambiguously exempts property held for rental for one month or less. Because United Rentals concedes that its property was available for rental for periods longer than one month, its rental property is not exempt from taxes under § 70.111(22). We therefore affirm the circuit court's order granting summary judgment to the City of Madison.

*By the Court.*—Order affirmed.

------

[6] United Rentals also asserts that its rental property is held for rental to multiple users and that its property was held for rental, in satisfaction of the requirements of the first element for tax exemption under Wɪs. Sᴛᴀᴛ. § 70.111(22). The City concedes the first point, and suggests that the record indicates that some of the property owned by United Rentals could be either rented or sold. We need not address this topic because our conclusion that United Rentals holds property to be rented for longer than one month is dispositive.