NORTHWEST WISCONSIN COMMUNITY
SERVICES AGENCY, INC., Plaintiff-Respondent,

v.

CITY OF MONTREAL, Defendant-Appellant.

Court of Appeals

*No. 2009AP2568. Submitted on briefs May 25, 2010.
—Decided July 20, 2010.*

2010 WI App 119

(Also reported in 789 N.W.2d 392.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Carter*, city attorney, and *Robert E. Mahoney*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Karry A. Johnson* of *Maki, Ledin, Bick & Olson, S.C.* of Superior.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J.    The City of Montreal appeals a judgment declaring Northwest Wisconsin Community Services Agency, Inc., is exempt from future taxes on property it owns in the City. The judgment also ordered the City to refund taxes Northwest previously paid. The City concedes Northwest is entitled to a refund of taxes it paid, but argues the circuit court did not have the authority to exempt it from future taxes. We agree. We therefore affirm the portion of the judgment awarding Northwest the taxes it paid, but reverse the portion exempting it from future taxes.

## BACKGROUND

¶ 2.    In February 2007, Northwest, a benevolent association, requested a property tax exemption from the City for a property it rents to low-income individuals.

It claimed that it is entitled to tax exemption for property it operates for benevolent purposes, such as providing low-income housing, under Wis. Stat. § 70.11(4). The City denied the request on October 14, 2008. On January 20, 2009, Northwest paid the first installment of the 2008 tax due and served the City with a notice of claim that it disputed the taxes. The City denied the claim. Northwest then sued the City, under Wis. Stat. § 74.35, alleging the taxes the City imposed after denying Northwest's exemption request were unlawful because Northwest is entitled to tax exempt status by statute. Northwest requested a judgment ordering the City to refund Northwest's 2008 property taxes and declaring Northwest "is exempt from property taxes . . . ."

¶ 3. The City did not timely respond to the complaint, so Northwest moved for default judgment. The circuit court granted the motion. Northwest then submitted a proposed judgment, which granted Northwest a refund of the taxes it paid on the property for 2008 plus interest and costs. The proposed judgment also declared Northwest "is exempt from future property taxes for [the] property . . . ." The City objected to the proposed judgment, arguing the circuit court had no authority to prospectively exempt Northwest from paying property taxes. The court denied the City's objection and signed the judgment.

## DISCUSSION

¶ 4. The City does not appeal the portion of the judgment ordering it to refund Northwest's 2008 property taxes. Therefore, the only issue in this appeal is whether the circuit court had the authority, under Wis.

---

[1] References to the Wisconsin Statutes are to 2007-2008 version.

STAT. § 74.35, to declare Northwest is exempt from future property taxes. This presents a question of law, subject to our independent review. *See WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, ¶ 45, 310 Wis. 2d 397, 751 N.W.2d 736 (the interpretation and application of statutes to undisputed facts is a question of law).

¶ 5. The City argues the circuit court exceeded the scope of WIS. STAT. § 74.35 when it granted Northwest prospective tax relief because the statute only authorizes courts to order the return of taxes already paid. We agree.

¶ 6. WISCONSIN STAT. § 74.35(2) permits "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property [to] file a claim to recover the unlawful tax against the taxation district which collected the tax." This statute provides the exclusive procedure to bring "a claim that property is exempt under [WIS. STAT. §] 70.11"—the statute Northwest claims authorizes its tax exempt status. *See* WIS. STAT. § 74.35(2m).

¶ 7. Northwest cannot establish it is entitled to a declaration its property is exempt from future taxes under this statute, however, because WIS. STAT. § 74.35(5)(c) requires a taxpayer to pay the tax before disputing it: "No claim may be filed or maintained under this section unless the tax for which the claim is filed, or any authorized installment payment of the tax, is timely paid . . . ." Thus, section 74.35 only authorizes courts to determine whether a taxpayer is exempt from taxes already paid, not taxes that might be assessed in the future.

¶ 8. Northwest contends it was nevertheless entitled to a declaration it is exempt from paying future

763

taxes because its property meets the requirements of WIS. STAT. § 70.11(4). As relevant here, that statute provides:

> The property described in this section is exempted from general property taxes if . . . it was exempt for the previous year and its use, occupancy or ownership did not change in a way that makes it taxable.
>
> . . . .
>
> (4) . . . Property owned and used exclusively by . . . benevolent associations . . . .

Northwest argues that because it received a judgment exempting its property under § 70.11(4) for 2008, it was reasonable for the court to conclude it is also exempt from future taxes. But Northwest also concedes that taxpayers must file a tax exemption report every other year to prove the exemption is still warranted. *See* WIS. STAT. § 70.337.

¶ 9. Thus, tax exempt status, once granted, is not automatic. It is subject to continuing review, a notion inconsistent with the circuit court's declaration Northwest's property "is exempt from future property taxes . . . ." Moreover, as the City correctly observes, the legislature may change the criteria for determining whether a taxpayer is exempt. In fact, it did so on January 1, 2009. *See* 2009 Wis. Act 28. Thus, the circuit court's declaration Northwest's property is exempt from future taxes improperly usurps the legislature's pre-rogative to establish the criteria governing tax exemptions. *See United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶ 13, 302 Wis. 2d 245, 733 N.W.2d 322 (citations omitted) (exemption from payment of taxes is an act of legislative grace, allowed only to the extent the

plain language of a statute permits). It therefore erred by declaring Northwest was exempt from paying future property taxes.

*By the Court.*—Judgment affirmed in part; reversed in part.