## COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 30, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP2269**

Cir. Ct. No. 2024SC1058

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

ANTOINETTE S. SAMPLE,

   PLAINTIFF-APPELLANT,

 V.

J. KOHLER,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Washington County: RYAN J. HETZEL, Judge. *Affirmed*.

¶1 GUNDRUM, P.J.[1] Antoinette Sample appeals pro se from an order of the circuit court granting J. Kohler's motion to dismiss and dismissing her small claims action. For the following reasons, we affirm.

## *Background*

¶2 Sample filed a small claims court action against City of Milwaukee police officer Kohler alleging that in connection with his investigation of an automobile accident in which Sample was involved, Kohler prepared "a false police report saying I was at fault when I wasn't."[2] She claims she "was proven innocent after 5 years," and she attached to the complaint what appear to be settlement documents related to the accident, which documents suggest she may have been awarded several thousand dollars in exchange for the release of any and all claims by her related to the accident. She seeks recovery in the amount of $10,000.

¶3 Kohler filed a motion to dismiss Sample's complaint, asserting her claims are barred by the applicable statutory limitations period, noting that the accident at issue and related matters occurred in 2019, the statute of limitations period is three years, and she did not file her complaint until August 2024. He also moved to dismiss on the ground that Sample "failed to file a written notice of circumstances before filing" her lawsuit and failed to do so "[w]ithin 120 days

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Sample also alleges that as a result of the accident, she "was left without a job and had a lot of medical bills and lawyer fees."

after the happening of the event giving rise to the claim," as required by WIS. STAT. § 893.80(1d).

¶4      The circuit court held a hearing on Kohler's motion and thereafter entered an order granting Kohler's motion to dismiss and dismissing Sample's complaint with prejudice on the basis that it was barred by the statute of limitations and failed to comply with the notice of claim requirements of WIS. STAT. § 893.80(1d).  Sample appeals.

## *Discussion*

¶5      On appeal, Sample asserts the circuit court erred in dismissing her action against Kohler.  Whether the court properly granted a motion to dismiss is a question of law we generally review de novo.  *See Greenwald Fam. Ltd. P'ship v. Village of Mukwonago*, 2023 WI 53, ¶13, 408 Wis. 2d 143, 991 N.W.2d 356. Due to extreme shortcomings in Sample's appellate advocacy and briefing in this case, however, we do not even have the opportunity to consider the merits as to whether the circuit court properly granted Kohler's motion to dismiss.

¶6      First, Sample failed to include a transcript of the hearing in the appellate record.[3]  It is the appellant's responsibility to ensure we receive a complete appellate record, and "when [the] record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling."  *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted).  Second, Sample fails to

---

[3] While *Kohler* included a copy of the transcript in the appendix to his brief, we do not consider it because the appendix is not part of the record.  *See United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322.

cite to portions of the record supporting her position, in violation of WIS. STAT. RULE 809.19(1)(e). Although Sample is representing herself in this appeal, her brief must still comply with these requirements. *See **Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).

¶7 Even more significantly, an appellant, like Sample here, bears the burden of demonstrating that the circuit court erred, *see **Gaethke***, 376 Wis. 2d 448, ¶36; yet, she completely fails to develop any legal arguments to show that the court erred in dismissing her complaint.[4] It is not our responsibility to develop arguments for a party, and we are not required to address arguments that are undeveloped or not supported by citations to the record. ***Doe 1 v. Madison Metro. Sch. Dist.***, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (stating that appellate courts "do not step out of [their] neutral role to develop or construct arguments for parties" (citation omitted)); ***Madely v. RadioShack Corp.***, 2007 WI App 244, ¶14 n.7, 306 Wis. 2d 312, 742 N.W.2d 559 (stating that "we have no duty to scour the record to review arguments unaccompanied by adequate record citations"); ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."). Without developing

---

[4] The entirety of the "Argument" section of Sample's brief is as follows:

> The defendant J. Kohler needs to be held accountable for filing a false accident report on me when I was 100% innocent. There's no where in the justice system that states that filing a false accident report is legal. I just want the defen[dant] J. Kohler to be held accountable for the decisions he made that w[ere] unlawfully created so that he will not do that to anyone else again. Police ha[ve] a responsibility to respect and serve and not to do unlawful things to innocent people.

(Emphasis omitted.)

any arguments to show that the circuit court erred, Sample simply cannot meet her appellate burden.

¶8      Lastly, Kohler filed a thoughtful, well-reasoned response brief explaining the legal reasons for why we should affirm.  Sample did not file a reply brief to refute any of the persuasive arguments made by Kohler, and thus she is deemed to have conceded them.  *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure by the appellant to respond to the respondent's arguments may be taken as a concession); *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute." (citation omitted)).  For the reasons stated above, we can go no further and must affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.