Robert HOAGUE,
Plaintiff-Appellant,

v.

KRAFT FOODS GLOBAL, INC.,
Defendant-Respondent.†

Court of Appeals

*No. 2012AP133. Submitted on briefs August 7, 2012.
—Decided October 25, 2012.*

2012 WI App 130

(Also reported in 824 N.W.2d 892.)

† Petition for Review Filed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Douglas J. Phebus* of *Arellano & Phebus, S.C.*, Middleton.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Daniel A. Kaplan* and *Connor A. Sabatino* of *Foley & Lardner LLP*, Madison.

Before Lundsten, P.J., Blanchard and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J.   Robert Hoague appeals an order dismissing his civil complaint against Kraft Foods Global, Inc. The circuit court dismissed the case due to Hoague's failure to file his complaint within the sixty-day limitation period established in Wis. Stat. § 103.10(13)(b) (2009–10).[1] On appeal, this court must determine when the sixty-day limitation period begins

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

to run under § 103.10(13)(b). For the reasons set forth below, we conclude that Hoague timely filed his complaint and reverse the circuit court's order of dismissal.

## BACKGROUND

¶ 2. The relevant facts relate only to the procedural history of Hoague's claims. Hoague is a former employee of Kraft Foods Global, Inc. ("Kraft"). On May 13, 2011, the Wisconsin Equal Rights Division issued a Decision and Order finding that Kraft violated Hoague's right to take medical leave under the Wisconsin Family and Medical Leave Act. The division ordered Kraft to pay Hoague $18,893.51 for loss of back pay and benefits and $12,143.49 for attorney's fees and costs. A "Notice of Appeal Rights" accompanied the order, explaining that the parties had twenty days to petition for rehearing before the division and thirty days to petition for judicial review by the circuit court, and that both time limits commenced from the date on which the order was mailed to the parties. Neither Kraft nor Hoague sought rehearing or judicial review.

¶ 3. On the eighty-eighth day following issuance of the order, August 9, 2011, Hoague filed a complaint in circuit court pursuant to Wis. Stat. § 103.10(13), which permits employees to bring civil actions against current or past employers to recover damages resulting from violations of the Wisconsin Family and Medical Leave Act. Kraft moved to dismiss the complaint, arguing that Hoague failed to file the civil action within the sixty-day limitation period established in § 103.10(13)(b). The circuit court granted the motion to dismiss with prejudice. Hoague now appeals.

## DISCUSSION

■

¶ 4. WISCONSIN STAT. § 103.10(13)(a) allows an employee or the Department of Workforce Development to bring an action in circuit court against a current or past employer to recover alleged damages caused by a violation of the Wisconsin Family and Medical Leave Act. The statute provides a limitation period for such actions:

> (b) An action under par. (a) shall be commenced within the later of the following periods, or be barred:
>
> 1. *Within 60 days from the completion of an administrative proceeding, including judicial review,* concerning the same violation.
>
> 2. Twelve months after the violation occurred, or the department or employee should reasonably have known that the violation occurred.

WIS. STAT. § 103.10(13)(b) (emphasis added).

¶ 5. WISCONSIN STAT. § 103.10(13)(b)1. contains the language relevant to this case.[2] The parties disagree as to the proper interpretation of the phrase "[w]ithin 60 days from the completion of an administrative proceeding, including judicial review . . . ." *Id.* "[J]udicial review" under this statute is triggered by a petition filed "within 30 days after the service of the decision of the agency . . . ." WIS. STAT. § 227.53(1)(a)2.

---

[2] The second, twelve-months-from-violation limitation in WIS. STAT. § 103.10(13)(b)2. does not apply here. The Equal Rights Division determined that Kraft's violation occurred on or around May 14, 2009. Hoague filed his complaint on August 9, 2011, more than twelve months after the violation occurred. Therefore, Hoague relies only on the limitation period set forth in § 103.10(13)(b)1.

¶ 6. Hoague contends that the sixty-day limitation period begins to run only after the thirty-day time period for seeking judicial review ends. Accordingly, Hoague argues that his August 9, 2011 complaint should not have been dismissed, as it was filed within sixty days from the end of the thirty-day time for seeking judicial review. Kraft disagrees, arguing that the sixty-day period for filing an action for damages begins at the same time as the thirty-day period within which to petition for judicial review, that is, on the date the order was issued. Therefore, Kraft contends that Hoague's complaint was untimely.

¶ 7. In this case, a situation in which the employer did not seek judicial review of the agency's order in favor of the employee, we must interpret whether the sixty-day limitation period commenced upon expiration of the thirty-day judicial review period, or, instead, on the date of the agency's order. Applying established canons of statutory interpretation, we conclude below that the statute is ambiguous and the more reasonable interpretation is that the legislature intended that the sixty-day limitation period runs consecutively to the thirty-day time period for seeking judicial review and not concurrently with it.

¶ 8. This case requires us to interpret a statute and apply it to undisputed facts. This is a question of law that we review de novo. *Andersen v. DNR*, 2011 WI 19, ¶ 26, 332 Wis. 2d 41, 796 N.W.2d 1.

¶ 9. The purpose of statutory interpretation is to discern the intent of the legislature. *State v. Byers*, 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729. When we interpret a statute, we begin with the language of the statute. *Heritage Farms, Inc. v. Markel Ins. Co.*, 2012

754

WI 26, ¶ 26, 339 Wis. 2d 125, 810 N.W.2d 465. We interpret the language reasonably, to avoid absurd or unreasonable results, and we consider the context and structure of the statute in which the operative language appears. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. The plain language is "read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.* If, when employing these principles, the meaning of the statute is plain, then we apply that plain meaning. *Id.*, ¶ 45.

■

¶ 10.   Where a statute "is capable of being understood by reasonably well-informed persons in two or more senses," the statutory language is ambiguous. *Id.*, ¶ 47. If ambiguous, we employ sources extrinsic to the statutory text, typically items of legislative history. *Id.*, ¶ 50. Notably, context, scope, and purpose are relevant when both interpreting the plain meaning of an unambiguous statute and consulting extrinsic sources to understand ambiguous statutes. *Id.*, ¶ 48. A statutory provision that is ambiguous must be interpreted and applied so it is consistent with the statutory scheme in which it appears. *State v. Harris*, 2008 WI App 189, ¶ 9, 315 Wis. 2d 537, 763 N.W.2d 206.

¶ 11.   The question here is the statute's effect when a losing employer does not seek judicial review. We begin with the observation that, as applied to this scenario, the phrase, "completion of an administrative proceeding, including judicial review," could be reasonably read two different ways. First, as Kraft argues, it could mean that where no judicial review is sought, there is no judicial review to be included in the administrative proceeding, and so the administrative proceeding is complete on the date that the agency's order is

issued. Second, as Hoague argues, it could mean that where no judicial review is sought, the administrative proceeding is complete on the day that the time for seeking judicial review has expired, and so the sixty-day limitation period begins on the date that the thirty-day window for seeking judicial review closes. Either interpretation is a reasonable take on the words used in the statute. Because the statute "is capable of being understood by reasonably well-informed persons in two or more senses," it is ambiguous. *Kalal*, 271 Wis. 2d 633, ¶ 47. Therefore, we must resolve the ambiguity, pursuant to the principles stated above. *See JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 24, 311 Wis. 2d 715, 753 N.W.2d 536.

¶ 12.   Because the statute is ambiguous, we may turn to extrinsic sources such as legislative history. *Kalal*, 271 Wis. 2d 633, ¶ 50. In this case, however, no extrinsic sources brought to our attention, or discovered by our own efforts, provide guidance as to the legislative purpose behind the statute's language. For example, the language of Wis. Stat. § 103.10(13) has remained unaltered since its enactment in the 1987–88 legislative session. *See* 1987 Wis. Act 287, § 2. And the drafting records indicate only the direction to impose a statute of limitations of "30 or 60 days, after completion of judicial review."[3]

¶ 13.   Accordingly, we turn to an examination of the context, scope, and purpose of the language. Addressing context, the statute prescribes when a prevailing employee, who has established a violation of the Wisconsin Family and Medical Leave Act in an admin-

---

[3] *See* Legislative Drafting Record for 1987 Wis. Act 287, Drafting Request dated Oct. 17, 1987, for 1987 Senate Bill 235, available at Legislative Reference Bureau, Madison, WI.

istrative proceeding and judicial review, may commence a civil suit for damages. *Butzlaff v. DHFS*, 223 Wis. 2d 673, 690, 590 N.W.2d 9 (Ct. App. 1998).

¶ 14.   Turning to what could broadly be termed scope, the statute sets out a two-stage process for seeking different remedies in different forums. In stage one, the employee seeks to establish through an administrative proceeding an employer's violation of the Wisconsin Family and Medical Leave Act. In stage two, the employee may, upon prevailing before the agency and judicial review, commence in circuit court an entirely new action to recover damages, *in addition* to the relief afforded by the agency. *See Butzlaff*, 223 Wis. 2d at 684, 687 ("the purpose of the civil action is to supplement the remedies available in the administrative proceedings" and "to obtain relief that was not available in that prior proceeding"). These damages may include consequential and punitive damages, *see Harvot v. Solo Cup Co.*, 2009 WI 85, ¶ 57, 320 Wis. 2d 1, 768 N.W.2d 176, such as the mental and emotional damages sought in the complaint filed by Hoague. The civil complaint must have a reasonable basis in fact for the damages it seeks. *See* Wis. Stat. § 802.05; *Jandrt v. Jerome Foods, Inc.*, 227 Wis. 2d 531, 548, 597 N.W.2d 744 (1999).

¶ 15.   Moving on to purpose, the statutory scheme is implicitly intended to provide sufficient time for an employee to establish a reasonable basis – to obtain legal services, investigate facts, and retain necessary experts – before filing a new action for damages, after having prevailed in the administrative proceeding and judicial review. The readily apparent purpose of the statute is to give a prevailing employee sixty days in which to decide whether he or she has a basis to file a suit for damages and to take the steps necessary to do so.

¶ 16.   With this context, scope, and purpose in mind, the more reasonable interpretation of the statute is that the employee should be deemed to have prevailed, and thus for purposes of WIS. STAT. § 103.10(13)(b) to have completed the administrative proceeding including judicial review, only after expiration of the time for seeking judicial review of the agency's order in the employee's favor. This interpretation provides clarity and certainty in defining the limitation period, consistent with the reasonable inference that the legislature intended that the statute of limitations be predictably evident, whether or not judicial review is sought.

¶ 17.   The significance of certainty in the statutory scheme undermines Kraft's argument that an employee could wait the initial thirty days to see if the employer seeks judicial review, and, if not, then file an action in circuit court within the remaining thirty days. This uncertainty, under Kraft's interpretation, would make it more difficult for the employee to prepare for filing the damages action, should the employee wait to do so until the thirty-day judicial review period has expired. If the employee waits for the thirty-day judicial review period to run before preparing to file the complaint, the resulting smaller thirty-day window may compromise the employee's efforts, and will certainly do so relative to the full sixty-day limitation period that we conclude is more reasonably contemplated by the legislature for preparing an entirely new action.[4]

¶ 18.   It is true that an employee could respond to this uncertainty by preparing to file a complaint imme-

_____

[4] By contrast, the thirty-day judicial review period provided in WIS. STAT. § 227.53(1)(a)2. applies to the filing of a petition that continues the administrative proceeding it seeks to review and which must be limited to the record before the agency. WIS. STAT. § 227.55.

diately upon issuance of the agency's order. However, if the employer then initiates judicial review that leads to reversal, and thus no possibility of a damages action by the employee, then the employee's hurried efforts translate into wasted efforts.

¶ 19. We decline to adopt Kraft's interpretation in that it assumes the legislature intended that employees, uncertain as to when the sixty-day period to file will begin, either would have only thirty days to prepare to file their damages actions or would prepare to file in efforts that might well turn out to be in vain. Hoague's interpretation, in contrast, furthers the statute's purpose to assure employees the full sixty days within which to prepare to file civil actions for damages.

¶ 20. In sum, interpreting the sixty-day limitation period beginning with the end of the thirty-day judicial review period is the more reasonable interpretation of the limitation period language because it provides prevailing employees, in all scenarios, the full sixty-day period to act with knowledge that the judicial proceeding is complete, and to determine whether there is a reasonable basis to file suit and to do so. This interpretation more reasonably reflects the practicalities of the two-stage process created by the legislature.

¶ 21. Kraft contends that the sixty-day time period must run from the date of the final administrative order, relying on "final" decision or order language in Wis. Stat. ch. 227 and case law applying that language. We disagree and conclude that the contrast between the completion-of-proceeding-including-judicial-review language in Wis. Stat. § 103.10(13)(b)1. and the "final" decision or order language that appears throughout ch. 227 (*see, e.g.,* Wis. Stat. §§ 227.47, 227.48, 227.49, 227.52, 227.53) only undercuts Kraft's position.

¶ 22. Subchapter III of WIS. STAT. ch. 227 governs most administrative proceedings and judicial review of agency decisions in Wisconsin.[5] However, the relevant language here differs markedly from that used in ch. 227. In fact, our search of the statutes and administrative code indicates that the language setting a limitation period "from the completion of an administrative proceeding, including judicial review" is unique. WISCONSIN STAT. § 103.10(13)(b)1. does not speak in terms of the sixty-day time limit running from the time a final decision or final order is issued. Its starting point is the "completion of an administrative proceeding, including judicial review . . . ." The statute ties that time period not to the issuance of the administrative decision, but to the administrative proceeding and judicial review. We do not view this language as comparable to other administrative proceeding provisions contained in ch. 227. To the contrary, the difference indicates that the legislature had a different approach in mind. *See Graziano v. Town of Long Lake*, 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("[W]here the legislature uses similar but different terms . . . we may presume it intended the terms to have different meanings.").

¶ 23. Kraft's reliance on *Currier v. DOR*, 2006 WI App 12, 288 Wis. 2d 693, 709 N.W.2d 520, is similarly misplaced. In *Currier*, the state Department of Revenue issued a tax assessment against Currier, which Currier appealed to the Wisconsin Tax Appeals Commission. *Id.*, ¶ 3. The Commission upheld the DOR's assessment. *Id.*, ¶ 4. Currier filed an untimely petition for rehearing. *Id.*, ¶ 5. Currier then sought judicial review.

---

[5] For example, WIS. STAT. ch. 227 governs administrative hearings on complaints filed pursuant to the Wisconsin Family and Medical Leave Act *prior* to judicial review. *See* WIS. STAT. § 103.10(12)(b).

*Id.*, ¶ 6. Relying on WIS. STAT. § 227.53(1)(a)2. (2003–04),[6] Currier argued that the thirty-day period for seeking judicial review began to run once the petition for rehearing was denied as untimely, rather than from the date on which the Commission issued its decision. *Id.*, ¶ 19. While WIS. STAT. § 227.53(1)(a)2. (2003–04) allowed a deadline extension for judicial-review petitions when a party requested a rehearing, the *Currier* court determined that the deadline extension applied only when the request for rehearing was timely. *Id.*, ¶ 20. Because Currier's request for rehearing was untimely, it was not properly "requested," so as to qualify for the extension. *Id.* Thus, Currier had to file his petition for judicial review within thirty days from the date of the original decision and order. *Id.*, ¶ 22.

¶ 24. According to Kraft, the situation here is similar because no party properly requested judicial review, and so Hoague should have had to file his complaint for damages within sixty days from the date of the division's order. Kraft is wrong. *Currier* interprets different statutory language in an entirely different situation.

¶ 25. The operative language in *Currier* provides: "Any person aggrieved by a final order may, within 20 days after service of the order, file a written petition for

_____

[6] WISCONSIN STAT. § 227.53(1)(a)2. (2003–04) stated as follows:

Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48. If a rehearing is requested under s. 227.49, any party desiring judicial review shall serve and file a petition for review within 30 days after service of the order finally disposing of the application for rehearing, or within 30 days after the final disposition by operation of law of any such application for rehearing.

rehearing . . . ." WIS. STAT. § 227.49(1) (2003–04). And, if such a petition for rehearing is filed, any party may serve and file a petition for judicial review "within 30 days after service of the order finally disposing of the application for rehearing . . . ." WIS. STAT. § 227.53(1)(a)2. (2003–04). Here, the statute simply provides that a prevailing employee may commence a civil action for damages "[w]ithin 60 days from the completion of an administrative proceeding, including judicial review . . . ." WIS. STAT. § 103.10(13)(b)1. The statutory language in *Currier* refers back to service of the agency's order; no such reference is found in the statute here. The statutory scheme in *Currier* concerns administrative and judicial review of one action (an administrative challenge to a tax assessment); the statutory scheme here concerns the ending of one action (an administrative claim that an employer violated the Wisconsin Family and Medical Leave Act) and the commencement of a different action (a civil complaint for damages against that employer). Nothing in *Currier* sheds light on the sixty-day limitation period in WIS. STAT. § 103.10(13)(b)1.

¶ 26. Finally, Kraft argues that the interpretation we adopt today will lead to the absurd result of indefinite delay, allowing a partially prevailing employee to file a petition for judicial review months and years later and then have sixty days after the petition is dismissed as untimely to file a civil complaint for damages. Kraft's argument is unfounded. Our interpretation is that the sixty-day limitation period commences after the thirty-day period for filing a timely petition for judicial review expires, where no judicial review is sought. Under the scenario proposed by Kraft, the reasoning in *Currier* would be relevant, but not in a way that supports Kraft's position. Under reasoning analogous to that used in

*Currier*, a party could not revive the time for filing a civil action by filing an untimely petition for judicial review.

¶ 27. In sum, looking at the context, scope, and purpose of the language "[w]ithin 60 days from the completion of an administrative proceeding, including judicial review," we conclude that, when no party seeks judicial review, an employee has sixty days from the date the thirty-day period for judicial review ends to file an action for damages in circuit court under Wis. Stat. § 103.10(13)(b). The closing of the window in which to seek judicial review of the agency's order completes the "administrative proceeding, including judicial review," as most reasonably contemplated by the legislature. Thus, the circuit court misapplied § 103.10(13)(b) when it dismissed Hoague's action for damages, because the August 9, 2011 complaint was properly filed within sixty days of June 12, 2011.

## CONCLUSION

¶ 28. For the reasons stated above, we reverse the circuit court's order dismissing Hoague's civil complaint for damages.

*By the Court.*—Order reversed and cause remanded.